## Chicago & Marion Coal Company v. Henry Reese.

1. SAFE PLACE TO WORK—*when master not obligated to furnish.* The rule of law under which a master is required to furnish a reasonably safe place for his servant to work has no application when the employment is to tear down and destroy an old building.

Action on the case for personal injuries. Appeal from the Circuit Court of Williamson County; the Hon. WARREN W. DUNCAN, Judge,

presiding. Heard in this court at the August term, 1905. Reversed, with finding of facts. Opinion filed March 22, 1906.

WILLIAM H. WARDER and POTTER & NEELY, for appellant.

PILLOW & SMITH, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was an action in case brought by appellee against appellant to recover for personal injuries alleged to have been received through the negligence of appellant. The substance of the charge as set forth in three counts of the declaration is found in the third count as follows: "Defendant carelessly, recklessly and negligently commanded plaintiff to go upon a certain rotten, unsafe and dangerous decking or floor of an old tipple for the purpose of unbolting and lowering to the ground certain timbers which were above and disconnected from said decking or floor, without any notice to plaintiff of the rotten, dangerous and unsafe condition of said decking or floor; that defendant knew, or by the exercise of ordinary care might have known the rotten, dangerous and unsafe condition; that plaintiff in obedience to said command, not knowing, nor having equal means with defendant of knowing the rotten, dangerous and unsafe condition of said decking or floor and not having any notice of such condition, etc., went upon said rotten and dangerous decking or floor to work and that by reason of the reckless and negligent conduct of defendant, plaintiff, while in the discharge of his duties as the servant of and in obedience to the command of defendant through its foreman, and while in the exercise of ordinary care for his own safety, was injured by falling through said rotten, dangerous and unsafe decking or floor, etc." The defendant pleaded not guilty and upon this issue a trial by jury resulted in a verdict and judgment for the plaintiff for $1,350 from which defendant appealed to this court.

At the close of plaintiff's evidence and again at the close

of all the evidence the defendant moved the court for a peremptory instruction to the jury to find the defendant not guilty. Error is assigned upon the action of the trial court in refusing the peremptory instruction.

At the time of the injury and for several weeks prior thereto, appellant company was engaged in wrecking or tearing down an old structure, the tipple and top works of a coal mine, the timber and material of which, so far as suitable, to be used in the construction of new works at another mine near by. Appellee and a number of other men were employed as laborers in this work. They were under the direction of J. H. Norman, appellant's foreman. On October 9, 1903, appellee and William Hawkins, a fellow-workman, were on top of the tipple deck or platform engaged in removing from its supports a cap-sill or heavy oak timber which was to be lowered to the ground. This timber extended along the south side of the platform and rested on posts, to which it was fastened by bolts. The platform was made of two-inch oak plank and had been in use eight or ten years. The cap-sill was four feet above the platform. As to the manner of the accident and what occurred at the time, appellee testifies that he and Hawkins were drawing the bolts which fastened the cap-sill to one of the posts, and in so doing required a crow-bar which was lying on the platform eight or ten feet from the place where they were at work. He went to the crow-bar, took it up, and in returning to the place near the post, a plank on which he stepped broke and gave way under his weight, making a hole in the platform through which he fell to the ground twenty feet below. The appellee is not supported in his version of the place and manner of his fall by the testimony of Hawkins and other evidence in the case, but the conflict of evidence in this respect is without bearing on the question now under consideration. For the purpose of discussion the facts may be taken as related by appellee and as they appear from the undisputed evidence in the record. For several weeks prior to his injury appellee had been engaged with other employees of appellant in wrecking and tearing down the old tipple and works. During that

time, while in the line of service for which he was employed, appellee was in and about the old structure and
had worked at different times upon and beneath the deck
or platform. He assisted in taking out the old screens,
machinery and other appliances. He helped in taking and
removing a part of the deck or platform which was near
that on which he was at work when injured. Not long
before, he assisted in removing from the deck a scale house,
a small structure, covering the identical part of the platform through which he claims to have fallen. In the
forenoon of the day of his injury he assisted Norman in
removing one of the cap-sills. There is no evidence tending to show that appellant had notice of the defective
plank which broke with appellee and caused his fall and
injury, or that by the exercise of ordinary care appellant
would have known of the defect. There is no evidence
that the defect was such as could have been discovered
even under inspection. The rule of law under which the
master is required to furnish a reasonably safe place for
the servant to work has no application when the employment is to tear down and destroy an old building. Clark
v. Liston, 54 App. 578; Western Wrecking Company v.
O'Donnell, 101 App. 492. The servant is held to assume the
usual, ordinary risks incident to the service he undertakes.
This enters into the contract of employment, and for injuries
received from hazards incident to the business in which he
is engaged while in the line of duty, he is without remedy
against his employer. There is necessarily more or less
danger attending the wrecking and tearing down of an old
building, as in the case at bar, and so far as such danger or
hazard may be said to be usual and incident to that business the employee or servant assumes the risk. If the
alleged dangerous condition of the platform, the defective
plank, was apparent and might have been observed, and
the defect discovered by any one in the exercise of ordinary care for his own safety looking for defects and dangers incident to the business, then appellee may not recover,
for he was not in the exercise of ordinary care, else he
should have seen the defect and avoided it. If on the other

hand·the defect was latent, not discoverable by appellee or other servant of appellant in the exercise of ordinary care, the danger or hazard from such defect was incident to the business and within the risk assumed by appellee, which ·likewise would bar recovery for the injuries suffered. The declaration alleges that the appellant negligently ordered or commanded appellee to go upon the deck or floor of the old tipple. There is no evidence of an order or command, general or special, though it appears that appellee was in the line of duty in pursuance of work to which he had been directed by the foreman in the forenoon. At the time of appellee's fall, Norman, the foreman, was engaged with other men at other work one hundred yards distant. It is also alleged in the declaration that appellee did not know the unsafe condition of the platform and had not equal means with appellant of knowing its condition. There is no evidence tending to prove this allegation. As already stated, if the defective plank was apparent it does not appear that any one had better opportunity to see it than had the appellee. If the defect which caused the injury was open and obvious it will be held as a matter of law that appellee was not in the exercise of ordinary care for his own safety and therefore cannot recover. If it was not open and obvious the danger was incidental and the risk assumed by the appellee. In tearing down and dismantling this old structure, no duty was imposed upon appellant to furnish appellee a safe place to work. There is no evidence tending to prove any breach of duty alleged in the declaration. There is no evidence that appellant had notice of the rotten or defective plank or that in the exercise of ordinary care respecting any duty it owed to appellee, it could have known of the defective plank. We are, therefore, of opinion that the Circuit Court erred in refusing to give the peremptory instruction requested by appellant at the close of the evidence. The judgment of the Circuit Court will be reversed with a finding of facts, because there was no evidence tending to prove negligence of appellant which caused appellee's injury.

*Reversed.*

We find as facts, to be incorporated in the judgment, that the injury received by appellee was not caused by negligence of appellant, and that appellee, as servant of appellant, assumed the risk of the danger from which he suffered.